David DUMSCHAT, Plaintiff-Appellee,

James Brown, Stanley Czaja and James Shelton, Intervening Plaintiffs-Appellees,

v.

BOARD OF PARDONS, STATE OF CONNECTICUT; and Richard K. Lublin (Chairman), Alvin Dozeman, Paul J. DuBissette, Members of the Board of Pardons, Defendants-Appellants.

James BROWN, Stanley Czaja and James Shelton, Plaintiffs-Appellees,

v.

BOARD OF PARDONS, STATE OF CONNECTICUT; and Paul J. McQuillan (Chairman), Alvin Dozeman, Michael E. DuBissette, John Speziale, and Philip Tatoian, Members of the Board of Pardons, Defendants-Appellants.

Nos. 539, 540, Dockets 78–2124, 78–2125.

United States Court of Appeals, Second Circuit.

Argued Jan. 9, 1979.

Decided Jan. 11, 1979.

Stephen J. O'Neill, Asst. Atty. Gen., Hartford, Conn. (Carl R. Ajello, Atty. Gen. of the State of Connecticut, Hartford, Conn., of counsel), for defendants-appellants.

Stephen Wizner, New Haven, Conn. (Yale Legal Clinic, Dennis E. Curtis, Mary F. Keller, Alice Bussiere, Judith Resnik, New Haven, Conn., of counsel), for intervening plaintiffs-appellees.

Before KAUFMAN, Chief Judge, SMITH and OAKES, Circuit Judges.

PER CURIAM:

On this appeal from a declaratory judgment of the United States District Court for the District of Connecticut in a class action requiring a statement of reasons by the Connecticut Board of Pardons in case of denial of application for pardon by prisoners serving life terms, we affirm essentially for the reasons given by Judge Blumenfeld in his opinions below, 432 F.Supp. 1310 (D.Conn.1977), 462 F.Supp. 509 (D.Conn. 1978).

Although pardons at first glance might appear to be different from parole decisions, the Connecticut statutory authority given to the Board of Pardons and its integral part in parole decisions make the two processes similar. The argument by appellants that pardons are solely discretionary decisions of mercy, relying on *Schick v. Reed*, 419 U.S. 256, 95 S.Ct. 379, 42 L.Ed.2d 430 (1974), is not well taken since *Schick* is

based on the constitutional authority of the federal executive rather than on the processes of a statutory state board essentially determining the date of eligibility for consideration by another (parole) board.

■ Written statements of reasons for denial are part of the due process requirements surrounding parole decisions. *Coralluzzo v. New York State Parole Board*, 566 F.2d 375 (2d Cir. 1977), *cert. dismissed*, 435 U.S. 912, 98 S.Ct. 1464, 55 L.Ed.2d 503 (1978); *Zurak v. Regan*, 550 F.2d 86 (2d Cir.), *cert. denied*, 433 U.S. 914, 97 S.Ct. 2988, 53 L.Ed.2d 1101 (1977); and *Haymes v. Regan*, 525 F.2d 540 (2d Cir. 1975). These cases are based on the expectations of inmates in regard to parole possibilities which lead to those inmates' acquiring some "liberty interest" in the parole process.

■ The facts are not seriously in dispute. The vast majority of those in the plaintiff class, a class composed of those serving life sentences, are granted relief by the Board of Pardons prior to the expiration of 20 years, the statutory minimum period (less time for good behavior) that lifers must ordinarily serve before they are eligible for parole. This almost invariable practice creates in the class a liberty interest in the pardons process. As thoughtfully explained in Judge Blumenfeld's opinions, the due process balancing in regard to decisions of the Board of Pardons is similar to that involving a parole board, and thus due process in the proceedings of the Board of Pardons in cases of inmates serving life sentences also requires written statements setting forth reasons for denial. Such statements would provide protection against arbitrary and constitutionally impermissible decisions by the Board by forcing the Board to articulate its reasons for denial. The Board would be encouraged to give more thoughtful consideration to each application. A statement of reasons for denial would aid an inmate in correcting any behavior which was considered negative by making him aware of such behavior. Finally, such statements would help the shifting membership of the Board to be more consistent in its decisions and would create no undue administrative burden.

The judgment of the district court is affirmed.